UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*******************************
Donna Priolo and                *
Richard Priolo,                 *
        Plaintiffs              *
                                *
v.                              *    Civil Action No:  07-CV-413
                                *
The United States of America    *
                                *
        Defendant               *
                                *
*******************************
```

## FIRST AMENDED COMPLAINT

NOW COMES Donna Priolo and Richard Priolo, the Plaintiffs in the above-captioned matter, by counsel Boynton, Waldron, Doleac, Woodman & Scott, P.A. and Wiggin & Nourie, P.A., and respectfully submit this Complaint, stating in support thereof as follows:

### I.    PARTIES AND BACKGROUND

1.      Plaintiff Donna Priolo is an adult residing in Dover, New Hampshire.

2.      Plaintiff Richard Priolo is the husband of Donna Priolo and resides in Dover, New Hampshire.

3.      Lamprey Health Care, Inc. a New Hampshire Corporation, is a Federally Qualified Health Center, as defined by 42 USC 254b and operating under the guidelines set forth under 42 USC 254b, and as such is subject to suit under the Federal Tort Claims Act, with a principal place of business at 207 South Main Street, Newmarket, New Hampshire and provides medical services within the State of New Hampshire.

4. Mary Ann Johnson is a nurse practitioner who was employed by the Defendant Lamprey Health Care, Inc.

## II. JURISDICTION AND VENUE

5. Jurisdiction is vested in the Court pursuant to 28 U.S.C. §1346(b), the Federal Tort Claims Act, as Lamprey Health Care, Inc. is a Federally Qualified Health Center with a claim having been made on or about December 21, 2006 and said claim has been presented and no action has been taken within six (6) months.

6. Venue is properly in this Court pursuant to 28 U.S.C. §1391 (a) and (c) in that the Lamprey Health Care, Inc. has continuously and systematically conducted business within and is located within, the territorial limits of the District of New Hampshire and the events and omissions giving rise to this claim occurred within the territorial limits of the District of New Hampshire.

## III. FACTUAL ALLEGATIONS

7. Lamprey Health Care, Inc., advertised and promoted a breast screening clinic at its facility on or around May of 2005. The Plaintiff, Donna Priolo, who had noticed a lump in her right breast, presented to the Defendant on May 9, 2005 for the breast screening clinic.

8. The ARNP, Mary Ann Johnson, employed by Lamprey Health Care, Inc., who saw the Plaintiff, observed the lump in the Plaintiff's breast and described it as approximately one inch in size and diagnosed it as benign.

9. The Plaintiff had no medical insurance and Ms. Johnson informed the Plaintiff that once the Plaintiff obtained insurance she could have the lump removed if she felt it was cosmetically problematic for the Plaintiff.

10.     The Plaintiff was not advised to seek any diagnostic studies or to return to the Defendant, Lamprey Health Care, Inc. for follow-up to determine whether there were any changes.

11.     Lamprey Health Care, Inc. through its agents, servants and employees negligently failed to avail itself and provide the Plaintiff with the acceptable methods of screening and diagnosis for breast cancer.

12.     As a result of incorrect diagnosis that the lump was benign the Plaintiff observed the lump growing but was not concerned as she believed the diagnosis of May 9, 2005 was correct.

13.     On December 22, 2005, the Plaintiff went to Dr. Zwaan, a physician in Exeter, NH, as the lump had increased in size although the Plaintiff believed same was benign.  The doctor noted the lump was roughly 2 ½ inches in size, roughly double the size as described by the Defendant in May.  The Plaintiff was immediately referred to a surgeon, who performed an ultrasound and an ultrasound guided core biopsy of the lump which resulted in a diagnosis that the lump was malignant.

14.     Had the tumor been properly diagnosed in May 2005, the treatment would have been a lumpectomy and a course of chemotherapy; however, because of the size of the tumor in December 2005, it could not have been removed by a lumpectomy resulting in the Plaintiff undergoing an initial course of chemotherapy in an attempt to reduce the tumor to allow it to be removed through a lumpectomy.

15.     The attempt to reduce the tumor to a size to permit a lumpectomy was not successful and the Plaintiff underwent a bilateral mastectomy followed by another course of chemotherapy and radiation, eventually resulting in multiple breast reconstruction surgeries.

16.     Had a correct diagnosis been made by Lamprey Health Care Inc.'s agents, servants and employees or if appropriate diagnostic follow-up was conducted the Plaintiff's initial course of chemotherapy would have been unnecessary and the Plaintiff would have been able to avoid the bilateral mastectomy and the radiation, as well.

17.     As a result of the delay in diagnosis the probability of a recurrence has increased and consequently, the probability of the treatment resulting in a cure has decreased.

## CLAIMS FOR RELIEF

### Count I
### (Negligence – Donna Priolo)

18.     Plaintiffs repeat the allegations made in the preceding paragraphs and incorporate the allegations as though set forth verbatim and at length.

19.     At all time relevant to the allegations contained herein, a duty was owed the Plaintiff to exercise reasonable care in the provision of medical services, including, but not limited to, the duty to follow the guidelines for breast cancer screening and diagnoses, for follow-up examination, diagnostic testing and the duty to otherwise abide by and adhere to accepted and applicable standards of practice and care relative to the diagnosis and treatment of breast cancer.

20.     In breach of aforesaid duties, Lamprey Health Care, Inc. failed to follow the accepted standard of care for breast cancer diagnosis, and further failed to refer the Plaintiff for the appropriate diagnostic studies.

21.     As a further direct and proximate cause and result of the breach of duties of care resulting in Plaintiff's lump in her right breast not being timely diagnosed, the Plaintiff was caused to suffer severe and permanent personal and emotional injuries of disabling and permanent natures, severe and prolonged pain and suffering, emotional scarring and

disfigurement, loss of enjoyment of life, prolonged and repeated medical procedures and radiation treatment and an increased probability of recurrence of the cancer and incurred significant medical expenses.

## Count II
### (Donna Priolo)

22.     The allegations contained in Paragraphs 1 through 21 are incorporated as though set forth verbatim and at length herein.

23.     That Lamprey Health Care, Inc. had a duty to have a procedure to follow-up on recommendations for diagnostic studies made by its providers.

24.     That Lamprey Health Care, Inc. did not have such a procedure or if it did it failed to contact the Plaintiff, Donna Priolo, and to arrange for her to undergo diagnostic tests including an ultrasound and biopsy to determine whether the lump which caused the Plaintiff to go to Lamprey Health Care, Inc. for an examination was benign.

25.     Lamprey Health Care, Inc. failed to schedule and notify the Plaintiff that the necessary diagnostic studies had been scheduled.

26.     As a further direct and proximate cause and result of Lamprey Health Care, Inc.'s breach of its duty of care to the Plaintiff, the Plaintiff was caused to suffer severe and permanent personal and emotional injuries of disabling and permanent natures, severe and prolonged pain and suffering, emotional and physical scarring and disfigurement, loss of enjoyment of life, prolonged and repeated medical procedures including chemotherapy and radiation treatment and an increased probability of recurrence of the cancer and incurred significant medical expenses.

## Count III
### (Loss of Consortium – Richard Priolo)

27. The allegations contained in Paragraphs 1 through 26 are incorporated as though set forth verbatim and at length herein.

28. At the time of the incident, the Plaintiff was lawfully married to Richard Priolo.

29. As a direct and proximate result of the medical negligence of the Defendant as set forth in detail in the preceding paragraphs, Richard Priolo was caused, and continues to be caused, to suffer harm and damages in the form of loss of consortium, including but not limited to the loss of the care, service, society, affection, sexual relations, and companionship of Mrs. Priolo, all to the damage of the Plaintiff, as she says, within the minimum and maximum jurisdictional limits of the Court, plus interests and costs.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court:

1. Grant a judgment for the Plaintiffs;
2. Award all damages to which the Plaintiffs are entitled;
3. Grant such other relief as may be just.

                                                Respectfully submitted,
                                                DONNA & RICHARD PRIOLO
                                                By their attorneys,

Dated: December 28, 2007                By:  /s/ William G. Scott_____
                                                William G. Scott  - NH Bar #2287
                                                Boynton Waldron Doleac Woodman & Scott, PA
                                                82 Court Street - P.O. Box 418
                                                Portsmouth, NH 03802-0418
                                                603-436-4010

Dated:  December 28, 2007              By:  /s/ Cyrus F. Rilee, III_____
                                                Cyrus F. Rilee, III - NH Bar # 15881
                                                Wiggin & Nourie, PA
                                                PO Box 808
                                                Manchester, NH  03105-0808
                                                603-669-2211